UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONDONNA P. GRENOWICH, | Case No. ED CV 17-986-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

I.

INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She contends that the Administrative Law Judge ("ALJ") erred when he determined that she could work at her former job. For the reasons explained below, the Agency's decision is affirmed.

II.

SUMMARY OF PROCEEDINGS

In August 2015, Plaintiff applied for DIB and SSI, alleging that she had been disabled since September 2014, due to a "neck injury,

lower back, [and] broken foot." (Administrative Record ("AR") 184-93, 230.) She later reported "[m]ental capacity deteriorating," "mental confusion, unable to focus, depression, [and] emotional breakdowns." (AR 252.) Her applications were denied initially and on reconsideration and she requested and was granted a hearing before an ALJ. (AR 73-126, 141-46.) Following the hearing, the ALJ issued a decision, finding that she was not disabled. (AR 20-35, 40-72.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3.) She then filed the instant action.

III.

ANALYSIS

Plaintiff worked as an administrative clerk for the County of Riverside until September 2014. (AR 49.) She testified, among other things, that the County failed to accommodate her back condition, which caused her emotional stress on the job. (AR 59-60.)

The vocational expert testified that the administrative clerk job was light work but that Plaintiff performed it at a sedentary level. (AR 64-65.) The ALJ determined that Plaintiff was capable of performing light work, with some limitations. (AR 25.) Relying on the vocational expert's testimony, the ALJ found that Plaintiff could still perform her past work as an administrative clerk as she had performed it, assuming that she was not exposed to more than slight emotional stress, such as that caused by her employer's failure to accommodate her limitations due to her back injury. (AR 33-34, 66-67.) The ALJ also determined that Plaintiff was capable of working as a phone clerk and a typist. (AR 33-34.)

Plaintiff contends that the ALJ's conclusion that she could perform her past work was dependent on the assumption that the

2

employer would make an accommodation for her back injury. (AR 5-6.) Citing Social Security Ruling 00-1c and *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 803 (1999), Plaintiff argues that the ALJ was precluded from considering accommodations when determining if she could work. (AR 6-8.)

The Agency disagrees. It contends that the limitation on accommodations only applies to work as it is regularly performed in the workplace, not as actually performed by the claimant, citing 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2). (Joint Stip. at 9-10.)

The Court need not and does not reach this issue because the ALJ alternatively concluded that Plaintiff could work as a phone clerk or typist and Plaintiff has not challenged that finding. (AR 33-34.) Thus, even were the Court to agree with Plaintiff that the ALJ had improperly assumed that Plaintiff's employer would accommodate her, the Court would still uphold the ALJ's determination that Plaintiff was not disabled because he found that there was other work that she could do and she has not challenged that finding. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1042 (9th Cir. 2008) ("Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding at step five."); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding error that is inconsequential to the ultimate nondisability determination is harmless error).[1]

---

[1] Plaintiff also claims in passing that the ALJ did not do enough to help her at the administrative hearing, despite the fact that she did not have counsel. (Joint Stip. at 8.) But Plaintiff does not explain what the ALJ should have done differently and the Court is at a loss to come up with an explanation on its own. Thus,
continue...

IV.

CONCLUSION

For these reasons, the Agency's decision that Plaintiff is not disabled is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: September 6, 2018

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GRENOWICH, M 986\Memo Opinion.wpd

---

[1] ...continue to the extent that this is a separate claim, it is denied.

4